Jackie Dale McBEE, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

May 12, 1983.

Permission to Appeal Denied by Supreme Court Aug. 1, 1983.

D.D. Maddox, Maddox, Ivey & Parish, Huntingdon, for appellant.

William M. Leech, Jr., Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, W.R. Kinton, Jr., Dist. Atty. Gen., Ted Neumann, Clayburn Peeples, Asst. Dist. Attys. Gen., Trenton, for appellee.

## OPINION

SCOTT, Judge.

The appellant, Jackie Dale McBee, and a co-defendant, Carl Howard, were convicted of the kidnapping and aggravated rape of an eleven year old girl. Each man was sentenced to not less than four nor more than ten years in the state penitentiary for the kidnapping charge and life for the rape. The sentences were ordered to be served concurrently. On direct appeal Mr. McBee's conviction was affirmed and the co-defendant's conviction was reversed because his confession was erroneously admitted. *State v. Carl Howard and Jackie Dale McBee,* Tennessee Criminal Appeals, 617 S.W.2d 656, 1981.

Mr. McBee then filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel. Extensive proof was heard on this issue at three separate hearings and the petition was denied. The trial judge filed an excellent memorandum setting forth his findings of fact and conclusions of law. (In fact, the memorandum filed by the trial judge in this case

could well serve as the standard against which memoranda in similar cases could be judged.) Much aggrieved by the denial of relief, the appellant has presented three issues on appeal.

In the first issue the appellant contends that the trial judge erred by refusing to allow him to introduce proof concerning trial tactics of appointed counsel to establish his claim of incompetency.

■ Relying on *Hellard v. State,* 629 S.W.2d 4 (Tenn.1982), the trial judge announced that absent an initial showing of incompetency, proof of trial tactics would not be admissible to support the claim of ineffective assistance of counsel. In *Hellard,* our Supreme Court observed that a defense attorney's representation is not to be measured by "20–20 hindsight". Appellate courts do not sit to second guess strategic and tactical choices made by trial counsel. However, when counsel's choices are uninformed because of inadequate preparation, a defendant is denied the effective assistance of counsel. *Id.,* 629 S.W.2d at 9, citing *United States v. DeCoster,* 487 F.2d 1197, 1201 (D.C.Cir.1973).

In *Hellard,* our Supreme Court further observed that:

It cannot be said that incompetent representation has occurred merely because other lawyers, judging from hindsight, could have made a better choice of tactics. See: *United States ex rel. Burton v. Cuyler,* 439 F.Supp. 1173 at 1187 (E.D. Pa.1977). As former trial lawyers, we know that a criminal trial is a very dramatic, vibrant and tense contest involving many variables and that counsel must make quick and difficult decisions respecting strategy and tactics which appear proper at the time but which, later, may appear to others, or even to the trial lawyer himself, to have been ill considered. 629 S.W.2d at 9–10.

Hence, in the absence of a showing that the choices were uninformed due to inadequate trial preparation, this Court will not second guess the strategic and tactical choices made by defense counsel at trial.

■ However, in this case, in spite of the judge's ruling, evidence as to trial tactics was admitted at the hearings. Hence, the issue is moot. The challenged defense counsel testified extensively as to his reasons for not calling certain witnesses or emphasizing certain evidence that the appellant and his family thought should be brought forth at trial. In every case, defense counsel was convinced that the particular witness or item of evidence would tend to further inculpate the appellant, not exculpate him. The first issue has no merit.

In the second issue the appellant contends that the trial judge erroneously found that the appellant received effective assistance of counsel. He made four complaints about his counsel. First, he contended that his counsel lacked sufficient experience in the trial of major felony cases to undertake his defense. Second, he contends that his counsel had other outside interests which distracted him from concentrating on this case. Next, he contends that his counsel spent inadequate time preparing this case. Finally, he contends that his counsel failed to investigate various leads provided by the appellant's family.

At trial and on appeal to this Court the appellant was represented by William Looney, a member of the Henry County bar, who was first licensed to practice law in August 1969. He had engaged in the private practice of the profession in Paris, since February 1, 1970, as a member of a two member firm and later as a sole practitioner. Counsel estimated that approximately ten to fifteen percent of his gross income was from his criminal practice, and that approximately twenty-five percent of his time was devoted to this branch of the law. Counsel had tried approximately twenty-five criminal cases, of which ten could be classified as major felony cases. In addition, counsel had served clients in a number of other serious felony cases which were settled prior to trial. The appellant's claim that his trial counsel was inexperienced has no merit.

Next the appellant alleged that his counsel's duties on the board of directors of a

funeral home and as a minister of the Church of Christ distracted him from working on this case.

Mr. Looney did serve on the board of directors of a funeral home, but during the time that he was representing the appellant he was only at the funeral home on approximately two occasions.

Defense counsel testified that he preached regularly at Churches of Christ from 1966 to 1969, but that since entering the practice of law he had only preached part-time. During the six months that he represented the appellant he only preached on three Sundays.

Counsel testified that neither the funeral home business nor his church activities interfered in any way with his preparation of the appellant's case. The appellant presented no other proof on this issue.

Defense lawyers are certainly entitled to pursue business interests apart from the practice of law, as well as religious activities so long as these activities do not interfere with the representation of their clients. The record is totally devoid of even the slightest hint that these avocations in any way interfered with counsel's representation of this appellant. His contentions to the contrary have no merit. In fact, such unsupported allegations are examples of the extremes to which convicted criminals will go to attempt to discredit their attorneys who once fought long and hard for them at trial and on appeal.

The appellant alleges that his trial counsel failed to spend adequate time in preparation of the case. Mr. Looney billed the state for seventeen hours for representing the appellant. He testified however that he spent well over seventeen hours working on the case, but that he did not document all of the hours because he would not have been paid for those hours, since their inclusion would have caused his claim for reimbursement to exceed the statutory limit set forth in TCA § 40–14–207.

The appellant complained that counsel did not spend enough time discussing the case with him and asserted that when counsel did talk with him that he only urged him to plead guilty. Mr. Looney testified that he talked with the petitioner on the day of the bond hearing, on the day of the preliminary hearing and twice prior to trial. Counsel had no reason to talk to the appellant any more than that because the appellant was, in his lawyer's words, "totally noncommittal". The appellant offered no assistance to his attorney, who had difficulty communicating with the appellant, whose claim was that he knew nothing about the crime. Mr. Looney was supplied with information that the appellant was at Sparky's Beer Joint with the victim's mother at the time of the crime. Counsel investigated this lead, but the proof he uncovered failed to substantiate this alibi.

An additional impediment to the relationship between the attorney and the appellant and his family is the fact that they were attempting to gather up enough money to retain the attorney who eventually filed the postconviction relief petition in this case. Just two weeks before trial they finally notified the appointed counsel that they would not be replacing him with retained counsel. The family also employed this attorney to conduct an investigation. His report was supplied to the appointed counsel, but did not provide any information that he did not already know.

Counsel recommended that the appellant accept the plea bargain offered by the state, because the case against the appellant was strong and he felt it would be in the appellant's best interest to accept the offer. However, he did not pressure the appellant to accept the offer and the case ultimately went to trial.

Finally, the appellant contends that counsel failed to investigate various leads provided by members of his family. As all families should be, the appellant's relatives were extremely concerned about the fact that he was charged. His brother, Eddie Joe McBee, his sister, Pam McBee Hughes, and his sister-in-law, Angie McBee, testified about their numerous conversations with Mr. Looney. Counsel testified that Eddie McBee came to his office and discussed the

case at least ten times and provided various leads. He investigated the leads provided to him and found each one to be either false or useless to the appellant's case. Complaint was made about his failure to interview potential alibi witnesses, Ray and Thelma Summerlin. However, counsel denied that the Summerlins' names were ever mentioned to him.

The appellant also complains that his counsel did not notify the family members when the jury was chosen a day earlier than was anticipated.

On the day before the case was set for trial another case was settled and counsel was advised by the clerk at approximately 10:00 A.M. that the trial judge had decided to begin jury selection for the case against the appellant and his co-defendant at 1:00 P.M. that day. Mr. Looney attempted to call Eddie McBee at home and at the place where he understood Mr. McBee worked, but was unable to locate him.

There is no constitutional right to have one's family present during any portion of a trial. Having been ordered by the court, the early selection of the jury was a matter beyond counsel's control. The attorney did all that he could reasonably be expected to have done to insure the presence of the appellant's family during the voir dire.

■ In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence. *Clenny v. State,* 576 S.W.2d 12, 14 (Tenn.Cr.App. 1978). When the effectiveness and competency of one's counsel is challenged, the question before the court is whether his work was "within the range of competence demanded of attorneys in criminal cases". *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn. 1975). In order to determine whether counsel's representation falls within that range, in *Baxter,* the Supreme Court directed our attention to the criteria and standards set forth in *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir.1974), and *United States v. DeCoster,* supra. In *Beasley,* the Court noted that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations. In *DeCoster,* the Court set forth three duties of trial counsel, (1) to confer, (2) advise and (3) investigate. Counsel should confer with his client without delay and as often as necessary to elicit matters of defense or to ascertain that potential defenses are unavailable. Counsel should promptly advise the client of his rights and take all actions necessary to preserve them. Counsel must conduct appropriate investigations into both the facts and the law to determine what matters of defense can be developed. 487 F.2d 1203–1204.

■ The petitioner has failed to carry his burden of proof that his counsel's efforts were outside the "range of competence demanded of attorneys in criminal cases". Rather, the proof revealed that counsel adequately fulfilled the duties to confer, advise and investigate as set forth in *DeCoster.* The trial judge's findings of fact and conclusions of law are fully supported by the record. He did not err in finding that the appellant received effective assistance of counsel. This issue has no merit.

In the final issue the appellant contends that the trial judge erred by denying his motion to amend and supplement his post-conviction relief petition. Proof was heard on this petition on three different days, March 23, April 1 and May 18, 1982. Shortly before the second hearing counsel filed a motion to amend to add an additional ground to his petition. He contended that because his co-defendant's conviction was reversed by this Court for a *Miranda* violation, that the co-defendant's confession should likewise have been inadmissible against him.

The co-defendant's confession was admitted against the petitioner at trial after all references to him were redacted and the phrase "the other man" inserted in place of the appellant's name. On direct appeal this Court held that the redaction was inadequate and that the confession was improperly admitted in violation of *Bruton v.*

*United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 746 (1968). Nevertheless, this Court held that, in light of the other evidence of the appellant's guilt, the admission of the confession was harmless error beyond a reasonable doubt. *State of Tennessee v. Carl Howard and Jackie Dale McBee,* supra. However, the appellant contends that his constitutional rights were somehow violated by the officers in their questioning of the co-defendant and that counsel was incompetent for failing to raise this issue at trial. He also contends that counsel was inadequate for failing to pursue an application for permission to appeal in the Supreme Court.

 A matter decided on direct appeal cannot be relitigated in post-conviction relief proceedings. *Searles v. State,* 582 S.W.2d 391, 392–393 (Tenn.Cr.App.1979). The questions concerning the statement are matters which have been "previously determined", TCA § 40–30–112(a), by this Court, a court of competent jurisdiction. TCA § 16–5–108(a)(1). Further, appointed counsel is not required to pursue appellate review beyond the first tier. TCA § 40–14–203. The trial judge properly disallowed the amendment to the petition.

Finding all issues devoid of merit, the judgment is affirmed.

O'BRIEN and DUNCAN, JJ., concur.