# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1997 SESSION



**FILED**

**April 17, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

|  |  |
|---|---|
| **DONNIE RAY SEALS,** | ) |
|  | ) C.C.A. No. 03C01-9605-CC-00188 |
| Appellant, | ) |
|  | ) Hamblen County |
| V. | ) |
|  | ) Honorable Ben K. Wexler, Judge |
|  | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
|  | ) |
| Appellee. | ) |

FOR THE APPELLANT:

William A. Zierer
Attorney at Law
124 W. Main Street
P.O. Box 1276
Morristown, TN 37816-1276

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Robin L. Harris
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Berkeley Bell, Jr.
District Attorney General

Victor J. Vaughn
Assistant District Attorney General
109 S. Main Street, Suite 501
Greeneville, TN 37743

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Donnie Ray Seals, pled guilty to one count of second degree murder and three counts of aggravated assault. He was sentenced to fifteen years for second degree murder and three years for each aggravated assault conviction at 30% as a standard offender. The sentences were ordered to run concurrently. The appellant filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel, and counsel was appointed for the appellant's post-conviction hearing. The hearing court denied relief. The appellant appeals this denial. We affirm.

The appellant was involved in a head-on collision with another vehicle. The appellant, who at the time of the incident had a blood alcohol level of .28, was traveling in the wrong direction and struck an oncoming vehicle. One person was killed, and three others were injured.

The appellant alleges that he was denied effective counsel because (1) his counsel disregarded a potential defense to his second degree murder charge; (2) his counsel based his plea recommendation on the assumption that, if the appellant stood trial, any convictions to the charges would run consecutively; and (3) his counsel allowed him to rely on receiving a relatively early release if he would enter a guilty plea.

To be granted relief on the ground of ineffective assistance of counsel, an appellant must establish that the advice given or the services rendered were not within the competence demanded of attorneys in criminal cases and that, but for counsel's deficient performance, the result of his or her trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984). This two-part

standard, as it applies to guilty pleas, is met when the appellant establishes that, but for counsel's error, he or she would not have pled guilty and would have insisted on trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In Tennessee, the appropriate test is whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

In post-conviction proceedings, petitioners bear the burden of proving their allegations by a preponderance of the evidence. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990); McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the trial court's findings of fact in post-conviction hearings are conclusive on appeal unless the evidence preponderates against those findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

First, the appellant alleges that his counsel disregarded a potential defense to his second degree murder charge. The appellant contends that he was in a "blacked-out" mental state when he drove his vehicle head-on into the car in which four persons were riding. The appellant, an admitted alcoholic, suggests through his expert witness on addiction medicine that his intoxication was not voluntary. In his brief, the appellant alleges that while he "voluntarily consumed that first beer, he was not voluntarily intoxicated," and thus did not "knowingly" kill the victim. However, the appellant, who already had three prior convictions for driving under the influence and had had his driver's license revoked, knowingly and voluntarily took that first drink and proceeded to drive. The appellant asks this Court to disregard well-settled law that voluntary intoxication is not a defense to second degree murder. State v. Butler, 900

-3-

S.W.2d 305, 310-11 (Tenn. Crim. App. 1994); State v. McKinney, 603 S.W.2d 755, 760 (Tenn. Crim. App. 1980).  This Court is not prepared to do so.  From the record, counsel was not ineffective for failing to use voluntary intoxication as a defense for the appellant's second degree murder charge.  This claim is baseless.

Second, although the appellant could not recall a discussion with his attorney regarding consecutive sentencing, he alleges that his counsel advised him that if he stood trial, any convictions to the charges could run consecutively.  Counsel admitted that he did so advise the appellant.  Although the hearing court noted that it would have advised that the sentences run concurrently, the prosecutor stated that the appellant could have received consecutive sentences as "an offender whose record of criminal activity is extensive."  Tenn. Code Ann. § 40-35-115(b)(2) (1990).

The appellant has a lengthy record of traffic and driving under the influence charges.  Furthermore, the prosecutor noted that had the appellant gone to trial, his record and the facts of the case would have resulted in six enhancement factors for sentencing purposes with no mitigating factors.  Thus, according to the prosecutor,  the appellant could have received as much as eighteen years on the lesser offenses of vehicular homicide and vehicular assault had he gone to trial; and had he been convicted of the charges as indicted, he could have received as much as forty-three years.  Consequently, counsel's advice regarding consecutive sentencing was not only correct but also prudent.  This issue is without merit.

Third, the appellant was sentenced to fifteen years at 30% as a Range I standard offender.  His release eligibility date is four and one-half years.  The

appellant contends that his trial counsel mistakenly represented that his fifteen-year sentence could be served in only two years. He claims that his reliance on early release led him to plead guilty. Trial counsel admitted that he told the appellant that he would be eligible for release in 4.7 years, and perhaps earlier because of the overcrowding conditions in prison. Trial counsel, however, denied that he told the appellant that he would be eligible for release in only two years. In his brief, the appellant admits that counsel "made no promises of early release before what he said would be 4.7 (sic) years (15 years times 30%)."

The record reveals that at the time he entered his plea, the appellant admitted that he understood that his sentence was fifteen years at 30% release eligibility. The appellant also admitted that he had completed the eleventh grade, and although he stated at the post-conviction hearing that he could not multiply 30% times 15 at the time he entered his plea, he admitted that he could now do this multiplication. The record does not indicate that counsel's apparent mathematical error inured to appellant's detriment; the miscalculation was on the conservative side. This issue is without merit.

This Court finds that the appellant has failed to establish that he received ineffective assistance. Because the evidence does not preponderate against the hearing court's findings, we affirm that court's judgment.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge


_____
CORNELIA A. CLARK, Special Judge