# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1997

FILED

April 24, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| KENNY D. COVINGTON, | ) | C.C.A. NO. 01C01-9604-CR-00149 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. J. RANDALL WYATT, JR. |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

ROBERT J. MENDES
209 Tenth Avenue South
Suite 511
Nashville, TN 37203

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

CHERYL BLACKBURN
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner appeals the trial court's denial of his petition for post-conviction relief pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted by a guilty plea of three counts of selling over .5 grams of cocaine, one count of selling over 26 grams of cocaine, one count of possession for sale of over 26 grams of cocaine, one count of possession for sale of over .5 grams of cocaine, one count of possession of drug paraphernalia, and one count of a felon possessing a weapon. He was sentenced by the trial court as a Range I offender to thirty (30) years imprisonment. In this appeal, the Petitioner contends that counsel rendered ineffective assistance and that his guilty plea was not entered voluntarily, knowingly, or understandingly. We affirm the judgment of the trial court.

The Petitioner filed a pro-se petition for post-conviction relief on August 4, 1995. Counsel was appointed and filed an amended petition on October 2, 1995. A hearing in the trial court was conducted on October 23, 1995 and an order was issued on November 17, 1995, denying the petition. The Petitioner now appeals the trial court's order.

As his first issue, the Petitioner argues that he was denied the effective assistance of counsel. In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim

that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52 (1985). The prejudice requirement is modified so that the petitioner "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

In the case sub judice, the Petitioner was represented by three attorneys and he alleges that all three had a role in failing to provide effective assistance. The Petitioner was arrested on August 14, 1993 based on a warrant for his arrest for possessing and selling cocaine. A police informant had made several controlled buys of cocaine from the Petitioner and the police had made audio tapes of telephone calls involving discussions about drug sales.

His first attorney, Glen Funk, represented the Petitioner when he was arrested. Mr. Funk went to the jail and met with him, represented him the next day when the case was bound over to the grand jury and was making preparations to represent him at a Community Corrections revocation hearing. Mr. Funk's assessment of the case was that the State had very strong proof against the Petitioner. Mr. Funk reviewed with the Petitioner the search warrant, the execution of the search warrant, and the potential penalties for the alleged crimes. Mr. Funk advised him to waive a preliminary hearing because the Petitioner had indicated that he was going to cooperate with the police and give information about other drug dealers. Mr. Funk testified that he advised him to waive the hearing because the Petitioner wanted to cooperate with the police and the Community Corrections hearing would serve the purpose of a preliminary hearing in terms of presenting and cross-examining witnesses. The Petitioner claims that he did not understand the purpose of a preliminary hearing, yet he had been previously represented by Mr. Funk and had extensive meetings regarding another case. Before the hearing, the Petitioner's family told Mr. Funk that another attorney, Jack Butler, would be assuming his representation. We cannot conclude, from the

evidence before us, that Mr. Funk's representation fell below the acceptable range of competence. Furthermore, the Petitioner has presented no evidence regarding any prejudice he suffered because of Mr. Funk's representation.

Jack Butler, the Petitioner's second attorney, represented him through his arraignment. Mr. Butler investigated the case, interviewed witnesses, and made requests for discovery. His paralegal reviewed the discovery materials with the Petitioner. Mr. Butler testified that he did not listen to the audiotapes because they were set out in the search warrant. He also stated that would have listened to the tapes had the case gone to trial, but that the case at that point was focused on settling. He also concluded that the State's proof was extremely strong. The Petitioner contends and Mr. Butler testified that the State offered a plea agreement of twenty-four years if both he and his co-defendant, his girlfriend, would agree. She apparently refused the offer. The State counters that the only offer that was made to the Petitioner was for thirty years as a Range II offender.

The Petitioner contends that he was advised to refuse the offer. However, Mr. Butler testified that he did not so advise the Petitioner because he had already indicated he would not agree. Mr. Butler filed a motion to withdraw from representation after discovering that the Petitioner had been communicating on his own with his co-defendant's attorney. Although Mr. Butler did not advise the Petitioner on his options, he testified that he would not have recommended going to trial because the proof was so strong, and that his other options were to accept the plea agreement or plead guilty and

submit to sentencing by the trial judge. He would have recommended taking the thirty-year agreement.

The Petitioner was represented by his third attorney, Mr. R.N. Taylor, through his guilty plea and sentencing. Mr. Taylor requested the file from Mr. Butler and reviewed the evidence against the Petitioner. He also concluded that the proof was very strong and that he would not recommend a trial. He did, however, advise the Petitioner to plead guilty and leave the sentence open to be determined at a sentencing hearing. He assessed the Petitioner's case and advised that he might do better than the fixed thirty-year, Range II sentence at 35% offered by the State. At the hearing, the Petitioner was sentenced to thirty years as a Range I offender at 30%. He claims that the advice of his attorney was erroneous and that he would have proceeded to trial. However, the outcome after the sentencing hearing was better than the State's offer. Therefore, this argument must fail.

The Petitioner also asserts that both Mr. Butler and Mr. Taylor failed to investigate the case adequately. It is well-established that defense counsel must conduct an appropriate investigation into both the facts and the law to determine what matters of defense can be developed. See e.g., Baxter v. Rose, 523 S.W.2d at 936; McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, our supreme court recognized in Baxter that the American Bar Association Standards for Criminal Justice provide useful guidance with regard to the function and responsibilities of defense counsel. The American Bar Association standards explain defense counsel's duty to investigate with the following language:

-6-

> It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty.

ABA Standards for Criminal Justice § 4-4.1 (2d ed. Supp. 1986).

Specifically, the Petitioner argues that his attorneys failed to review the surveillance tapes with him. Furthermore, he contends that Mr. Taylor failed to request independent testing of the substances seized or challenge the validity of the warrant. However, there is evidence that Mr. Butler reviewed the tape transcripts. Furthermore, Mr. Taylor had the tapes in his possession, although he did not specifically recall reviewing them. There is also evidence that both attorneys reviewed the search warrant and the nature of the information supporting that warrant. Finally, the Petitioner had all along admitted to the police, the Assistant District Attorney, and to his attorneys that he had made the drugs sales in question and he initially indicated a desire to become an informant. The focus of the representation, in the face of such strong proof, was to obtain a favorable plea agreement. All the attorneys agreed that a trial was not in the Petitioner's best interest.

We are reluctant to, and indeed precluded from, second-guessing Mr. Butler's and Mr. Taylor's actions. From a review of the surrounding circumstances, we cannot conclude that any failure by the attorneys to review the tapes rendered their representation deficient. The attorneys did evaluate the strength of the case against the Petitioner and concluded that a trial would

not be in his best interest. There was no evidence suggesting that the substances obtained from the Petitioner were not cocaine nor did the warrant appear defective. Although the Petitioner claims that he would have gone to trial, he has presented no evidence that suggests how further investigation would have benefitted him; his allegations are merely speculative. We note that under the provisions of the Post-Conviction Procedure Act of 1995, a petitioner bears the burden of proving the allegations in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (Supp. 1996). In reviewing post-conviction proceedings, "the factual findings of the trial court are conclusive unless the evidence preponderates against such findings." Cooper v. State, 849 S.W.2d 744, 746 (Tenn.1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn.1990). Under these circumstances, we cannot conclude that the evidence preponderates against the trial court's findings.

Second, the Petitioner argues that he did not knowingly or intelligently enter into his guilty plea because: (1) he relied on erroneous legal advice; (2) a full investigation was not conducted; (3) he waived a preliminary hearing; and (4) counsel failed to make two motions requested by him. A defendant must be advised of his constitutional rights before he is allowed to enter a guilty plea. Boykin v. Alabama, 395 U.S. 238 (1969). Among those rights are the right against self-incrimination, the right to confront witnesses and the right to a trial by jury. Id. at 243. The record must show that a guilty plea was made voluntarily, understandingly, and knowingly. Id. at 242. In State v. Mackey, 553 S.W.2d 337 (Tenn. 1977), the Tennessee Supreme Court imposed stricter standards than those mandated in Boykin. Included in the Mackey requirements:

-8-

A. Before accepting a plea of guilty, the court must address the defendant personally in open court . . . . . . . .

D. A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty, the record shall include, without limitation, (a) the court's advice to the defendant, (b) the inquiry into the voluntariness of the plea including any plea agreement and into the defendant's understanding of the consequences of his entering a plea of guilty, and (c) the inquiry into the accuracy of a guilty plea.

Id. at 341.

In State v. Neal, 810 S.W.2d 131 (Tenn. 1991), our supreme court stated that the purpose for these guidelines is to "seek to insulate guilty pleas from coercion and relevant defendant ignorance. They are designed to insure that guilty pleas are voluntary and knowing." Id. at 135. The Tennessee Supreme Court has also stated:

For the plea to be acceptable it must be voluntary. That does not mean that the defendant would want to plead guilty if he or she had the option available to go free. The option available is to go to trial, with its uncertainties, or to plead guilty. The knowledge that is most relevant to this decision of the accused pertains to the rights that are available to him or her upon a trial that are given up by pleading guilty.

Id.

The Petitioner cites Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), for the proposition that a guilty plea may be made involuntarily because of the ineffective assistance of counsel. We iterate that we have determined that the trial court did not err in finding that he was provided effective assistance of counsel. Therefore, the Petitioner's argument

that his plea was not knowingly or intelligently entered fails on this ground. Furthermore, the trial court reviewed with the petitioner the consequences of waiving a jury trial at the time he pleaded guilty and the Petitioner indicated that he understood. In Hill, the attorney wrongly advised the defendant about his parole eligibility upon which he relied in choosing to plead guilty. Hill, 474 U.S. at 60, 106 S.Ct. at 371. Here, the attorneys did not provide incorrect information, but instead rendered legal advice considering the circumstances of the case. There was no guarantee of the outcome, which unfortunately was not to the Petitioner's liking. However, he was informed of his options and their potential risks and the Petitioner then made a choice. Although there was some failure to fully investigate, the Petitioner has not demonstrated how this prejudiced him. As for the preliminary hearing waiver and the failure to make motions, the Petitioner has only made conclusory allegations. Without more, we cannot adequately review these claims. This issue is without merit.

Accordingly, we affirm the judgment of the trial court.


_____
DAVID H. WELLES, JUDGE

-10-

CONCUR:

_____
JERRY L. SMITH, JUDGE


_____
JOE G. RILEY, JUDGE