# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997

FILED

October 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ANTHONY L. WASHINGTON, | ) | C.C.A. NO. 02C01-9610-CR-00373 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. JAMES C. BEASLEY, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:

**GERALD SKAHAN**
140 North Third Street
Memphis, TN 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**JANET SHIPMAN**
Assistant District Attorney General
201 Poplar Street, Suite 301
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Petitioner, Anthony Washington, appeals the trial court's denial of his petition for post-conviction relief. Petitioner was charged with the crimes of first degree murder, theft, aggravated robbery (four counts) and especially aggravated robbery (two counts). He pled guilty in October 1995. Petitioner was sentenced to life imprisonment on the first degree murder charge, four (4) years incarceration on the theft charge, four (4) sentences of twelve (12) years incarceration on the aggravated robbery charges, and two (2) sentences of twenty-five (25) years incarceration for each especially aggravated robbery conviction, with all sentences to run concurrently. Petitioner only challenges the conviction for first degree murder. He argues that he was denied his Sixth Amendment right to the effective assistance of counsel. We affirm the judgment of the trial court.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). In reviewing the Sixth Amendment claim of ineffective assistance of counsel by Petitioner, this court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of

counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. To satisfy the requirement of prejudice, Petitioner would have to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

Two witnesses testified at the hearing on the petition for post-conviction relief. First, the Petitioner testified regarding his claims of trial counsel's ineffectiveness. He stated that counsel only met with him seven times prior to trial, for a period of five (5) to ten (10) minutes per visit. Due to the short nature of the meetings, in which Petitioner felt rushed, he did not have time to adequately confer with his counsel. Petitioner then testified that he had provided names of potential alibi witnesses, including his grandmother, Bertha Woods, and an unidentified neighbor, but counsel failed to interview or subpoena them for trial.

Petitioner further testified that counsel failed to provide him with copies of any discovery information. Another allegation by Petitioner was that counsel failed to file pre-trial motions, specifically including a motion to suppress Petitioner's statement. Petitioner stated that he was seventeen (17) years old at the time he was questioned by the police, and that he made the statement admitting the above acts only because the police were threatening him. When Petitioner questioned counsel regarding the motion to suppress, he told Petitioner he was "putting it off until further notice."

On the issue of his plea agreement, Petitioner stated that counsel failed to correctly inform him of the consequences of that plea as counsel advised him that he would only serve a period of sixteen (16) and one-half (½) years incarceration. When Petitioner told counsel he did not want to plead guilty to the murder charge, but only to the remaining charges, counsel informed Petitioner that the plea was "all or nothing." As a result of all of the above, Petitioner claims that counsel was inadequately prepared for trial and that he was, therefore, forced to plead guilty.

Trial counsel testified for the State regarding his representation of Petitioner. He was appointed to represent Petitioner and worked closely with Petitioner's mother, Jacqueline Washington, throughout the case. Counsel stated that it was his practice to confer on Sunday afternoons with clients who were in jail, and therefore he normally met with Petitioner on that particular day of the week. He also met with Petitioner on various occasions when they were in court. Counsel reported that in his claim for attorney's fees, he was reimbursed for 12.7 hours in court and 14.5 hours of time spent out of court on Petitioner's case. Also, counsel stated that any short meetings between himself and Petitioner, of a duration less than half an hour, were not recorded on this sheet as he did not ask for compensation for that amount of time.

Counsel interviewed the only alibi witness Petitioner named, Bertha Woods. Ms. Woods, Petitioner's grandmother, was in poor health and had no specific recollection of the events that took place on the day in question, therefore counsel was not able to use her as an alibi witness. Counsel recalled that Petitioner told him an upstairs neighbor would also serve as an alibi witness, but Petitioner could not recall that neighbor's name. The attempts of counsel and

Petitioner's mother to locate this witness were to no avail. Counsel recollected that Petitioner got copies of all of the discovery information which was available to him prior to trial.

On the issue of pre-trial motions, counsel stated that he filed approximately ten (10) to fifteen (15) motions prior to trial, including a brief motion to suppress. The prosecutor informed counsel that if he elected to argue the motion to suppress, then the negotiated plea agreement offer would be revoked. Because trial counsel knew that he could defer argument on the motion to suppress until the time of trial, he chose not to argue the motion at that time. Regarding the plea bargain, counsel did not recall stating that Petitioner would serve only sixteen (16) and one-half (½) years, but standardly advised clients that with a life sentence it is difficult to ascertain how long the actual incarceration time will be. While counsel did advise Petitioner that he would either have to take the State's offer and plead guilty to all charges or go to trial on all the charges, he did not coerce or force Petitioner into pleading guilty.

Upon review of the record, including Petitioner's guilty plea hearing, this court finds that the Petitioner was not denied the effective assistance of counsel. The judge chose to accredit the testimony of trial counsel over that of Petitioner's testimony, and the evidence does not preponderate against these findings. From the testimony of trial counsel, his preparation was more than sufficient to provide Petitioner with effective representation. In addition to meeting with the Petitioner on numerous occasions, counsel interviewed any and all witnesses which Petitioner was able to identify. The complaint regarding the "unidentified"

neighbor is completely unjustified, particularly in light of the testimony that counsel and Petitioner's mother attempted to locate this unnamed alibi witness. On the issue of alibi witnesses, a petitioner is not entitled to any relief "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." Black v. State, 794 S.W.2d 752, 758 (Tenn. Crim. App. 1990). This court may not speculate on whether further investigation would have revealed a material witness or what a witness's testimony might have been, and it was Petitioner's duty to present this witness at the evidentiary hearing. Id. at 757.

Another claim by Petitioner which was not proven by a preponderance of the evidence is that of counsel's failure to file pre-trial motions. Counsel testified that he filed ten (10) to fifteen (15) pre-trial motions, including a brief motion to suppress Petitioner's statement. When questioned as to why he chose not to argue the motion to suppress, counsel stated that he was advised that if he argued such motion, then any offers for a plea bargain would be revoked by the State. This court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). While a different strategy might have been employed by counsel, counsel may not be deemed ineffective because he chose not to argue the motion. See Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980).

Petitioner has failed to demonstrate that he would not have entered a guilty plea were it not for the ineffective assistance of his counsel. Petitioner was properly advised of his rights by trial counsel and the trial judge prior to entering

a plea of guilty, which he did voluntarily and knowingly. In the judge's findings of fact, he correctly reasoned that trial counsel recommended the plea to Petitioner after extensive consideration of all factors involved and lengthy negotiations with the State, and the "ultimate decision" to plead guilty was made by Petitioner after conferring with his mother and his trial counsel.

A thorough review of the record reflects that the trial court properly denied Petitioner's post-conviction petition. We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JERRY L. SMITH, Judge