IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

FILED

February 18,1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| GARY T. DOTSON, | ) | |
| | ) | C.C.A. NO. 01C01-9607-CR-00318 |
| Appellant, | ) | |
| | ) | SUMNER COUNTY |
| VS. | ) | |
| | ) | HON. JANE WHEATCRAFT, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FOR THE APPELLANT:

DAVID A. DOYLE
District Public Defender
117 E. Main St.
Gallatin, TN   37066

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH B. MARNEY
Asst. Attorney General
450 James Robertson Pkwy.
Nashville, TN   37243-0493

LAWRENCE RAY WHITLEY
District Attorney General

DEE GAY
Asst. District Attomey General
113 W. Main St.
Gallatin, TN   37066

OPINION FILED:_____

AFFIRMED

JOHN H. PEAY,
Judge

**O P I N I O N**

The petitioner was convicted of first-degree murder and employing a firearm during the commission of a felony. These convictions were affirmed on direct appeal. State v. Gary Thomas Dotson, No. 89-262-III, Sumner County (Tenn. Crim. App. filed Aug. 3, 1990, at Nashville). He is serving a life sentence plus five years for these offenses. In December 1992, he filed for post-conviction relief alleging that his lawyers were ineffective at both his trial and on direct appeal. The court below denied relief, which he now appeals. He further alleges that the post-conviction court erred when it denied his motion for forensic and psychological evaluations. Upon our review of both the record below and the trial record, we affirm.

The petitioner was initially tried before a jury in January 1989 for the murder of his mother on August 15, 1988. The jury was unable to reach a verdict resulting in a mistrial. The petitioner was tried a second time before a jury in May 1989 and convicted. The petitioner was represented by the same two lawyers at both trials, as well as on his direct appeal.

In this appeal, the petitioner contends that his lawyers were ineffective at his second trial in the following ways:

1. Failing to object to the "State's impermissible use of [his] post-Miranda silence";

2. Failing to object to the State's question to the arresting officer whether the petitioner was in a state of shock when he was apprehended;

3. Failing to object, ask for a curative instruction, and/or move for a mistrial in response to the State asking the petitioner whether he had threatened to kill his mother, in contravention of an earlier court ruling;

2

4. Needlessly limiting their questions to the petitioner about his mother's prior violent acts to the two to three year period preceding her death;

5. Failing to introduce proof of the victim's prior violent act toward a neighbor;

6. Failing to request jury instructions on self-defense and defense of others;

7. Arguing inconsistent theories as to why the petitioner killed his mother;

8. Failing to call certain witnesses;

9. Failing to offer medical proof as to the petitioner's knee problems;

10. Failing to make objections to portions of the State's closing argumentment; and

11. Failing to object to certain questions the State asked him and another witness.

With respect to counsels' presentation of his direct appeal, the petitioner argues that his lawyers were ineffective in failing to contest the sufficiency of the evidence and the trial court's denial of his motion for a forensic evaluation.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his [or her] petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

This Court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel should not be deemed to

have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980).

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by his attorneys are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

After hearing two days of proof, during which the petitioner and both of his lawyers, among others, testified, the court below denied post-conviction relief. In an eight page memorandum opinion containing detailed findings of fact and conclusions of law, the court below determined that "counsel in the instant case was effective, competent and zealous in its defense of the Petitioner through the trial and appellate process." We agree. The petitioner's allegations against his lawyers are based, by and large, on strategy calls. Our review of the transcripts of the second trial and the post-conviction hearing convinces us that trial counsel acted competently in their representation of the petitioner at trial and that their strategic decisions were informed ones and based on adequate preparation. Furthermore, to the extent that any of trial counsels' actions or omissions did fall below the level of competent representation as alleged by the petitioner, we are confident that the result of the petitioner's trial was unaffected thereby.

4

This issue is without merit.

We also agree with the court below that the petitioner's legal representation on direct appeal was within constitutional parameters. Counsel made a specific decision to not raise the sufficiency issue, which we will not second-guess. Moreover, we are convinced that, had the issue been raised, this Court would have found it without merit. Counsel also made a specific decision to not appeal the trial court's denial of their motion for a forensic evaluation of the petitioner at State expense. When questioned about their decision on this matter at the post-conviction hearing, one of the petitioner's lawyers testified that, "Given the status of the record, the status of the law at that time, as I understood it, I think we made a conscious decision not to pursue the denial of our request for the forensic evaluation, based on other issues being perceived as more likely to succeed." This was a valid strategy decision at the time. It was not until 1995 that our Supreme Court decided that "when a defendant in a non-capital case demonstrates to the trial court . . . that his sanity at the time of the offense is to be a significant factor at trial, the federal constitution, at a minimum, requires the State to provide the defendant access to a competent, independent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." State v. Barnett, 909 S.W.2d 423, 431 (Tenn. 1995). This decision applied the United States Supreme Court's holding in Ake v. Oklahoma, 470 U.S. 68 (1985),[1] to non-capital cases. Prior to that time, this Court had, in dicta, indicated doubt about the application of Ake to non-capital cases. See, e.g., State v. Lambert, 741 S.W.2d 127, 131 (Tenn. Crim. App. 1987). Given the state of the law as it existed in 1989 and 1990, then, we hold that defense counsel was not ineffective in making the strategic decision to not

---

[1]Ake was a capital case in which the Supreme Court held that "[W]hen a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." 470 U.S. at 83.

5

appeal this particular ruling by the trial court. This issue is without merit.

The petitioner next contends that the court below erred in denying his motion in this proceeding for forensic and psychological evaluations. We disagree. Our Supreme Court has held that "the state is not required to provide expert assistance to indigent non-capital post-conviction petitioners." Davis v. State, 912 S.W.2d 689, 696-97 (Tenn. 1995). This issue is therefore without merit.

Although not set forth as a separate issue, the petitioner also complains in his brief about the trial court's denial of his motion for a transcript of the first trial. He notes, however, that "[t]rial counsel argued this issue on direct appeal and the appellate Court found same to be without merit." Accordingly, this issue has been previously determined, T.C.A. § 40-30-112(a) (1990), and we need not consider it further. Similarly, the petitioner complains about the trial court's instructions to the jury about malice and its use of the terms "moral certainty" and "let the mind rest easily on the certainty of guilt." Because these issues were not raised on the direct appeal, they are waived. T.C.A. § 40-30-112(b) (1990).

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

6

_____
DAVID H. WELLES, Judge