**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**MAY 1997 SESSION**

FILED

July 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **WILLIE ED MAYS,** | ) | |
| | ) | C.C.A. NO. 02C01-9611-CC-00411 |
| Appellant, | ) | |
| | ) | **LAKE COUNTY** |
| VS. | ) | |
| | ) | **HON. J. STEVEN STAFFORD,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FOR THE APPELLANT:                     FOR THE APPELLEE:


**CHARLES S. KELLY**                    **JOHN KNOX WALKUP**
802 Troy Ave.                          Attorney General & Reporter
Dyersburg, TN   38205-0507

                                       **ELLEN H. POLLACK**
                                       Asst. Attorney General
                                       450 James Robertson Pkwy.
                                       Nashville, TN  37243-0493


                                       **C. PHILLIP BIVENS**
                                       District Attorney General
                                       P. O. Box E
                                       Dyersburg, TN 38025


OPINION FILED:_____



**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner was convicted by a jury of selling over .5 grams of cocaine. Following his conviction, he pled guilty to two other charges of selling over .5 grams of cocaine in exchange for concurrent sentences on all three convictions. In conjunction with that plea, he waived his right to appeal the initial conviction. After a hearing in August 1995, he was sentenced to ten years on the initial conviction, and ten years, six months on each of the two subsequent convictions. All sentences were run concurrently. The petitioner filed for post-conviction relief, alleging ineffective assistance of counsel in conjunction with his trial and subsequent guilty pleas. After a hearing, the court below denied relief. We affirm.

In support of his appeal, the petitioner contends that his two defense lawyers were ineffective in the following respects:

1. Failing to file a motion to inspect the substance which the State claimed to be cocaine;

2. Failing to file a Brady motion;

3. Failing to file timely a motion to dismiss for delay in prosecution;

4. Failing to file a motion for change of venue;

5. Failing to file a motion to suppress evidence;

6. Failing to object to the lack of jurisdiction of the "arresting and participating agents;" and

7. Coercing him into pleading guilty on the two pending charges.

After a hearing at which the petitioner and one of his two defense counsel testified, the court below dismissed the petition.

Initially, we note that "[i]n post-conviction relief proceedings the petitioner

2

has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). To satisfy the requirement of prejudice on the guilty pleas, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

This Court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980).

3

The petitioner's claims that his counsel erred in failing to file a pretrial motion to inspect the cocaine and/or a Brady[1] motion arise from the State's belated discovery that the cocaine had been lost or destroyed prior to trial. Defense counsel testified that the State did not make this discovery until the day of trial. The petitioner reasons that, had his counsel filed these motions pretrial, everyone would have discovered the missing cocaine in time for his case to have been dismissed on motion. In addressing this issue the court below held:

> The unrebutted testimony indicated that the State was not aware that the drugs could not be produced until the trial date. Therefore, assuming that this information could be construed as exculpatory evidence, the State did not have any exculpatory evidence in its possession until the trial date. The transcript reveals that the defense attorneys were informed of the missing evidence as soon as the State became aware of the problem.

> Assuming that the petitioner's counsel had filed a pre-trial motion to examine or weigh the drugs, he would have been in no better legal position than he was on the day of trial in requesting a dismissal of the charge. The [trial] Court found that the State had laid the proper foundation to allow the lab technician to testify about her test results. The petitioner was allowed to argue to the jury the effect of the State's failure to produce the drugs. A pre-trial motion would not have placed the petitioner in any better legal position than what he was on the day of trial. This issue is without merit.

We agree with the court below. This issue is without merit.

As to the petitioner's contention that he was prejudiced by his counsel's failure to file timely a motion to dismiss for delay in prosecution, we first note that such a motion was filed, but was not filed timely. However, the trial court permitted evidence to be presented and the motion to be argued in an offer of proof on the day of trial. The trial court further issued oral findings of fact and conclusions of law with respect to the merits of the motion, and denied it. The court below apparently found no error in the trial

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

court's decision.  Neither do we.  As this Court has previously stated:

> Delay between the commission of an offense and the commencement of adversarial proceedings does not violate an accused's constitutional right to a speedy trial.  However, such a ⸀delay may occur in such a manner that the defendant's Fifth Amendment right to due process -- in contrast to the Sixth Amendment right to speedy trial -- is violated.' . . . ⸀While there is no constitutional right to be arrested, . . . courts have recognized that an unreasonable delay between the commission of the offense and the arrest may violate the defendant's constitutional rights if the delay results in prejudice to him or was part of a deliberate, purposeful and oppressive design for delay.'
>
> Before an accused is entitled to relief based upon the delay between the offense and the initiation of adversarial proceedings, the accused must prove that (a) there was a delay, (b) the accused sustained actual prejudice as a direct and proximate result of the delay, and (c) the State caused the delay in order to gain tactical advantage over or to harass the accused.

State v. Dykes, 803 S.W.2d 250, 255-56 (Tenn. Crim. App. 1990) (citations omitted).

In the instant case, there was an approximate four year delay between the January 1991 offense and the May 1995 indictment.  Thus, the petitioner has carried his burden of proving one of the three prongs of the test set forth in Dykes.  However, the trial court found that the "indictments were not returned prior to 1995 in order to gain further ⸀intelligence information,' possibly secure another buy from this defendant. . . . [T]he local District Attorney General's office requested indictment information in the spring of 1995 from the Tennessee Highway Patrol [at which time the] information was turned over that resulted in the particular indictment."  The proof adduced at the post-conviction hearing did not preponderate against these findings.  Thus, the petitioner has failed to prove that the State caused the delay in order to gain a tactical advantage over him or to harass him.  Moreover, the petitioner's testimony in support of the offer of proof at trial of the prejudice he claims to have suffered as a result of the delay was utterly unconvincing.  The petitioner having failed to satisfy two prongs of the Dykes test, this

5

issue is without merit.

As to the change of venue allegation, defense counsel testified that such a motion had been filed but was later withdrawn by agreement with the petitioner. Defense counsel further testified that this decision had been tactical and that there had not been damaging publicity. We agree with the court below that this issue is without merit.

The petitioner also complains that his trial counsel did not file a motion to suppress evidence. Defense counsel testified that "there was really no basis regarding a motion to suppress." The petitioner has offered no evidence to the contrary. This issue is therefore without merit.

The petitioner next complains that his lawyers failed to object to the lack of jurisdiction of the officers who participated in the undercover drug operation. The court below found that the operation had been conducted by members of the criminal investigation division of the Tennessee Highway Patrol and members of the 27th Judicial District Drug Task Force. Since the Tennessee Highway Patrol has statewide jurisdiction,[2] the court below found this issue to be without merit. We agree.

Finally, the petitioner claims that he would not have pled guilty to the two pending charges but for the ineffective assistance of his counsel which resulted in the conviction of the jury-tried offense. However, as noted by the court below, the petitioner

---

[2] See T.C.A. § 4-7-104 (1991 Repl.) ("It is the duty of the members of the Tennessee highway patrol, under the direction of the commissioner of safety, to: (1) Patrol the state highways and enforce all laws . . . ") (emphasis added).

6

entered his guilty pleas in order to avoid the possibility of consecutive sentences on all three charges. The court below further noted that it had "no doubt that the petitioner understood his rights as well as the concessions he was obtaining from the State by entering the guilty pleas." Accordingly, his pleas were knowing and voluntary.

Moreover, as set forth above, the petitioner has failed to prove his allegations of ineffective assistance of counsel at his jury trial. Therefore, his claim that he was "coerced" to enter guilty pleas as the result of an unconstitutional conviction is without merit.

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
THOMAS T. WOODALL, Judge