# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### AUGUST 1997 SESSION



FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

MICHAEL B. DAVIS,

    Appellant,

V.

STATE OF TENNESSEE,

    Appellee.

)
)
) C.C.A. No. 03C01-9702-CR-00060
)
) Knox County
)
) Honorable Ray Jenkins, Judge
)
) (Post-Conviction: Second Degree Murder)
)
)

FOR THE APPELLANT:

John B. Blair, III
Attorney at Law
176 2nd Avenue North
Suite 406
Nashville, TN 37201

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Sandy Copous Patrick
Assistant Attorney General
2d Floor Cordell Hull Bldg.
425 Fifth Avenue North
Nashville, TN 37243-0943

Randall E. Nichols
District Attorney General

Fred Bright
Assistant District Attorney General
City-County Bldg.
Knoxville, TN 37902

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Michael B. Davis, appeals the denial of his petition for post-conviction relief, arguing that his guilty plea was not entered knowingly and voluntarily because he received ineffective assistance from his attorney and because he was coerced into pleading guilty due to the possibility of federal gun charges. The appellant pled guilty to second degree murder, possession of cocaine for resale, and possession of a weapon in the commission of a felony. He was sentenced as a Range I, standard offender to the minimum sentence of fifteen years on the murder charge, six years on the drug charge, and one year on the weapons charge. The six-year sentence and the one-year sentence were to be served concurrently to each other, but consecutively to the murder charge. Thus, the appellant received a total sentence of twenty-one years to be served in the Department of Correction. We affirm.

The appellant presents for our review one issue: whether his guilty plea was voluntarily entered despite his attorney's representations regarding his possible release eligibility date and despite the threat of prosecution on federal gun charges.

The appellant killed a man after a fight and was subsequently charged with first degree murder. After he was charged with this crime, the appellant became involved in an altercation with a man on Cumberland Avenue in Knoxville, but a police officer intervened and stopped the altercation. The police officer noticed the butt of a gun exposed from under the appellant's car seat. The car was searched, and the search produced several grams of cocaine. This incident occurred during "Operation Trigger Lock," a federal project involving the prosecution of drug and gun violations.

Although the appellant pled guilty in state court, he asserted in his petition for post-conviction relief that his plea was not voluntarily entered because of ineffective representation by his attorney. Donald Bosch, a private attorney, represented the appellant at the plea. According to the appellant, Mr. Bosch informed him that he could be released in as little as three or four years under the proposed plea agreement. Furthermore, the appellant asserts that Mr. Bosch informed him that he would be prosecuted on federal gun charges if he did not accept the plea agreement. According to the appellant, Mr. Bosch did not inform the trial court of the possibility of federal gun charges.

The state, however, argues that the post-conviction court properly dismissed the appellant's petition for post-conviction relief. The state contends that the appellant was not "induced to plead guilty by his attorney's misrepresentation as to the release eligibility dates and the federal government's threat of prosecution." The state maintains that the appellant has failed to show "that his attorney's ineffectiveness prejudiced him by forcing him to accept the guilty plea." Furthermore, the state argues that the record from the appellant's guilty plea hearing indicates that the appellant had not been pressured to plead guilty.

To be granted relief on the ground of ineffective assistance of counsel, an appellant must establish that the advice given or the services rendered were not within the competence demanded of attorneys in criminal cases and that, but for counsel's deficient performance, the result of his or her trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984). This two-part standard, as it applies to guilty pleas, is met when the appellant establishes that, but for counsel's error, he or she would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In Tennessee, the appropriate test is whether counsel's performance was within the

range of competence demanded of attorneys in criminal cases.  Baxter v. Rose,
523 S.W.2d 930, 936 (Tenn. 1975).

In post-conviction proceedings, petitioners bear the burden of proving
their allegations by a preponderance of the evidence.  Black v. State, 794
S.W.2d 752, 755 (Tenn. Crim. App. 1990); McBee v. State, 655 S.W.2d 191,
195 (Tenn. Crim. App. 1983).  Furthermore, the trial court's findings of fact in
post-conviction hearings are conclusive on appeal unless the evidence
preponderates against those findings.  Butler v. State, 789 S.W.2d 898, 899
(Tenn. 1990); State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983);
Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

Because a guilty plea involves the waiver of several of the defendant's
constitutional rights, the trial court may not accept a guilty plea without an
affirmative showing that the defendant's plea decision was knowing and
voluntary.  Boykin v. Alabama, 395 U.S. 238 (1969); State v. Mackey, 553
S.W.2d 337 (Tenn. 1977).  If a plea of guilty is induced by coercion, fraud,
duress, or mistake, then relief may be granted.  Capri Adult Cinema v. State, 537
S.W.2d 896, 898 (Tenn. 1976).

The appellant argues that his guilty plea was not voluntarily made
because his attorney was ineffective by misrepresenting to the appellant his
possible release eligibility date.   However, the appellant admitted that his
attorney told him that he could serve three or four years or he could serve the
entire twenty-one year sentence.  Furthermore,  the transcript of the plea hearing
clearly indicates that the appellant understood his rights, and he indicated at that
time that he had not been pressured or coerced into pleading guilty.

We conclude that the trial court's acceptance of the appellant's guilty plea
complied with the requirements of Boykin and Mackey.  Furthermore, this Court
finds that the appellant has failed to carry the burden of establishing that his

attorney was ineffective. Because the evidence does not preponderate against the post-conviction court's findings, we affirm that court's judgment .

-5-

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
GARY R. WADE, Judge


_____
WILLIAM M. BARKER, Judge