**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**SEPTEMBER SESSION, 1997**

**FILED**

**November 5, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **RAY D. RUCKER,** | ) | **C.C.A. NO. 02C01-9610-CR-00375** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ARTHUR T. BENNETT** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF SHELBY COUNTY**

FOR THE APPELLANT:

LEE WILSON
200 Jefferson, Suite 800
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

JOHN W. PIEROTTI
District Attorney General

DAVID SHAPIRO
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Ray D. Rucker, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. On May 29, 1992, the Petitioner pleaded guilty to one count of coercion of a witness and one count of attempted aggravated assault.[1] As specified in the negotiated plea agreement, he was sentenced as a Range I standard offender to two years on each count, with the sentences to run concurrently. In addition, both sentences were ordered to run concurrent with a three-year sentence he received upon a plea of guilty to a drug offense.[2] He filed a pro se petition for post-conviction relief on January 25, 1994, which was amended with the assistance of counsel on April 24, 1995. In his petition for post-conviction relief, the Petitioner argued that he was denied effective assistance of counsel at his guilty plea proceeding for a number of reasons. The trial court conducted an evidentiary hearing on January 16 and February 8, 1996. After considering the evidence, the trial court issued an order denying the petition on March 21, 1996. We affirm the judgment of the trial court.

The record does not fully detail the circumstances of the offenses. It appears that the Petitioner and Derrick Rogers allegedly knocked an individual by the name of Ellie Owens off of his bicycle and threatened him. Owens was apparently cooperating with and giving information regarding drug transactions to the Collierville Police Department. The record indicates that Owens initially

---

[1] Tenn. Code Ann. §§ 39-16-507, 39-12-101, and 39-13-102.

[2] Although the record is somewhat confusing, it appears that the guilty plea to the drug offense occurred at the same time as the guilty pleas which are the subject of the case at bar. In addition, it appears that the State agreed to nolle prosequi another drug charge against the Petitioner.

gave a statement implicating the Petitioner in the attack. In addition, the State had statements from witnesses to the attack who implicated the Petitioner. As a result, on January 30, 1992, the Petitioner and Derrick Rogers were jointly indicted on charges of coercion of a witness and aggravated assault. The Petitioner negotiated a plea agreement with the district attorney general's office and, on May 29, 1992, pleaded guilty to coercion of a witness and attempted aggravated assault.

On January 25, 1994, the Petitioner filed a pro se petition for post-conviction relief, arguing that defense counsel at the guilty plea proceeding was ineffective. Counsel was appointed and amended the petition on April 24, 1995. Through the amended petition, the Petitioner argued that his attorney at the guilty plea proceeding, Bretran Thompson, rendered ineffective assistance of counsel in a number of ways, all of which revolve around three central issues:

> (1) That counsel did not adequately communicate with him;
> (2) that counsel failed to conduct adequate discovery or an appropriate investigation of the case; and
> (3) that counsel failed to advise him of the future implications of pleading guilty.

With regard to the first issue, the Petitioner asserted that counsel never conducted an office interview and visited him in jail only twice. He claimed that counsel did not consult with him during the development of the case except to discuss payment of counsel's fee. Furthermore, he stated that counsel waived a preliminary hearing although the Petitioner had expressed a desire to have one. With regard to the second issue, he complained that counsel failed to file discovery or suppression motions. In addition, he alleged that counsel failed to interview the victim of the attack, Ellie Owens, even though the Petitioner had informed counsel that Owens would exonerate him. With regard to the third

issue, he asserted that counsel failed to advise him of the potential for enhanced punishment for subsequent offenses. Moreover, he contended that counsel improperly advised him to plead guilty while there were other charges pending against him in federal court, thereby resulting in an enhanced sentence for his federal conviction.

The trial court conducted an evidentiary hearing on the petition for post-conviction relief on January 16, 1996. At the hearing, the Petitioner testified that counsel coerced him into pleading guilty. He stated that he initially told counsel that he did not want to plead guilty. In response, counsel informed him that the prosecutor would not agree to the three-year sentence on his drug offense if he decided to take the coercion and assault charges to trial. The Petitioner testified that he felt like he had no choice but to plead guilty because he knew that he was guilty of the drug offense and feared a harsher punishment should he take the coercion and assault charges to trial.

The Petitioner testified further that counsel did not communicate with him adequately. He stated that he met with counsel a total of five times, three while he was out on bond and two while he was incarcerated. According to the Petitioner, counsel did not discuss strategy with him, did not discuss the evidence which the State intended to offer, and did not inform him of his rights. In particular, the Petitioner complained that counsel never discussed the right to a preliminary hearing. He testified that counsel waived his preliminary hearing without his consent.

In addition, the Petitioner complained that counsel failed to file either a motion for discovery or a motion to suppress. He testified that he informed counsel that he was innocent of the assault charge and that the victim would testify on his behalf. According to the Petitioner, the victim even went so far as to come to court on one occasion, but counsel did not inform the prosecutor that the victim wished to testify for him. At the post-conviction hearing, the Petitioner introduced an affidavit purportedly signed by the victim stating that the Petitioner did not participate in the attack on the victim. The affidavit is dated March 10, 1994, shortly after the filing of the pro se petition for post-conviction relief.

The Petitioner also testified that counsel did not inform him about the future consequences of his guilty pleas. More specifically, it appears that, in addition to his other charges, the Petitioner was charged with another drug offense, possession of a controlled substance with intent to distribute. Counsel informed him that as part of the plea agreement, the State had agreed to nolle prosequi that charge. The Petitioner complains that counsel did not alert him to the fact that two weeks after his guilty pleas, a federal grand jury would indict him on a drug charge, apparently stemming from the conduct which was the subject of the nolle prosequi state charge. Upon his subsequent federal conviction, the Petitioner's state convictions were used to enhance his federal sentence. The Petitioner testified that had he known his state convictions could be used to enhance his subsequent federal sentence, he would not have pleaded guilty.

The only other witness to testify at the post-conviction hearing was the Petitioner's attorney from the guilty plea proceeding, Bretran Thompson. Thompson testified that he communicated with the Petitioner about every aspect

of the case and met with him in excess of fifty times. He stated that he did not file a motion for discovery because the prosecutor's office had an open-file discovery policy. Thompson testified that he gained access to all of the State's information on the case through open-file discovery and shared that information with the Petitioner. The open-file discovery policy also led him to waive the Petitioner's preliminary hearing. He stated that, with the Petitioner's permission, he signed the waiver form on behalf of the Petitioner. In conjunction with the waiver of the preliminary hearing, Thompson secured a bond reduction for the Petitioner.

In the course of investigating the case, Thompson spoke with witnesses to the attack on the victim and reviewed police reports summarizing statements given by the witnesses. Thompson's investigation revealed that the State had enough evidence to secure convictions against the Petitioner. Thompson testified that the nature of the evidence was such that a motion to suppress was inapplicable. Thompson indicated that the Petitioner did not inform him of the victim's willingness to give a statement exonerating him. He explained his opinion of the strength of the State's evidence to the Petitioner and stated that there was a "50-50" chance of conviction. According to Thompson, the decision to plead guilty was made by the Petitioner. Thompson then negotiated a plea agreement with the prosecutor. It appears that as part of that agreement, the State agreed to nolle prosequi one of the drug charges against the Petitioner.

Thompson testified that he informed the Petitioner that the convictions could later be used for enhancement purposes. He also testified that he was unaware of any potential federal charges being filed against the Petitioner.

-6-

Thompson stated that if he had known of federal charges pending against the Petitioner, he would have tried to consolidate the charges with the state charges or somehow limit the Petitioner's exposure on the federal charges.

At the conclusion of Thompson's testimony, the post-conviction hearing was continued to February 8, 1996, in order to allow the Petitioner to locate the victim, Ellie Owens. The Petitioner intended to introduce testimony from Owens concerning the statement in the affidavit that he would have exonerated the Petitioner. On February 8, 1996, the Petitioner informed the trial court that he had been unable to locate Owens because Owens no longer lived in Tennessee. Instead, he offered the testimony of his own mother, Linda Faye Richardson. Richardson testified that she accompanied Owens to court for one of the proceedings involving her son. According to Richardson, Owens acknowledged that he had signed the affidavit stating that the Petitioner had not participated in the attack upon him.

After considering the evidence presented at the post-conviction hearing, the trial court entered detailed findings of fact and conclusions of law. In short, the trial court did not find the Petitioner's testimony to be persuasive and instead accredited Bretran Thompson's testimony in all respects. With regard to the first central issue (failure to communicate), the trial court found that Thompson had met with the Petitioner a sufficient number of times and had fully discussed the case. Moreover, the trial court noted that the Petitioner did not allege how more meetings with counsel would have affected his decision to plead guilty.

With regard to the second central issue (failure to investigate), the trial court accredited Thompson's testimony that he had the benefit of open-file discovery. As such, the waiver of the preliminary hearing was a reasonable strategic decision. Furthermore, the trial court found that the proof presented at the post-conviction hearing indicated that the Petitioner had not informed counsel regarding the victim's willingness to give a statement exonerating him. Given the circumstances of the offenses and the Petitioner's inability to present live testimony from the victim, the trial court found the affidavit, purportedly signed by the victim, to be unpersuasive.

With regard to the third central issue (failure to advise concerning future enhancement), the trial court found that Thompson had properly advised the Petitioner that his convictions could be used against him in the future. Moreover, the trial court noted that the transcript of the guilty plea proceeding clearly demonstrates that the Petitioner was made aware that his convictions could later be used for enhancement purposes. The trial court pointed out that the transcript revealed the Petitioner had stated that he was voluntarily pleading guilty, that his decision was not the result of coercion, and that he was satisfied with counsel's performance.[3] The trial court also found that the evidence presented at the post-conviction hearing indicated that Thompson was unaware of any federal charges against the Petitioner at the time of the guilty plea proceeding.

---

[3] As the State points out on appeal, the transcript of the guilty plea proceeding was not included in the record on appeal. Of course, it is the duty of the appellant to prepare an adequate record to allow a meaningful review on appeal. Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Given the absence of the transcript of the guilty plea proceeding from the record, we must presume the trial court's findings with respect to the transcript are correct. State v. Richardson, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993); State v. Boling, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992).

As a result, the trial court concluded that Thompson's representation fell within the range of competence demanded of attorneys in criminal cases. Given that Thompson had provided effective assistance of counsel, the trial court concluded that the Petitioner had entered his guilty pleas knowingly, intelligently and voluntarily. The trial court therefore denied the petition for post-conviction relief. It is from the order of denial that the Petitioner now appeals.

In determining whether or not counsel provided effective assistance at trial, the court must decide whether or not counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy this second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be

judged at the time it was made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52 (1985). The prejudice requirement is modified so that the petitioner "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

We note that under the Post-Conviction Procedure Act applicable to the present case, a petitioner bears the burden of proving the allegations in his or her petition by a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in post-conviction hearings are conclusive on appeal unless the evidence preponderates against them. See State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

Applying the Strickland standard to the case sub judice, we believe that the Petitioner has failed to establish that defense counsel's representation at the guilty plea proceeding was constitutionally deficient. The Petitioner testified at the post-conviction hearing that defense counsel failed to communicate with him sufficiently, failed to conduct adequate discovery and a sufficient investigation of the case, and failed to advise him of the future implications of a guilty plea. In contrast, defense counsel Thompson testified that he communicated with the Petitioner regarding all aspects of the case, conducted a thorough investigation of the case, and fully explained the consequences of pleading guilty.

-10-

After hearing all of the evidence and evaluating credibility, the trial court accredited the testimony of defense counsel, Bretran Thompson. Thus, the trial court found that the evidence did not support the Petitioner's allegations of ineffective assistance of counsel. The trial court was in a much better position to evaluate the credibility of the witnesses than this Court. The trial court found Thompson's testimony to be persuasive and therefore concluded that the Petitioner had not established that Thompson's representation was constitutionally deficient. From the record before us, we cannot conclude that the evidence preponderates against the trial court's findings.

For the reasons set forth in the discussion above, we conclude that the Petitioner has failed to demonstrate that the trial court erred in denying the petition for post-conviction relief. We therefore affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JOE G. RILEY, JUDGE