**James F. THRASHER and Jeffrey L. Searles, Petitioners,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

March 13, 1978.

Jerry H. Summers, Harold E. Brown, Chattanooga, Paul Antinori, Jr., Tampa, Fla., for petitioners.

David L. Raybin, Asst. Atty. Gen., Nashville, for respondent; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

PER CURIAM.

Certiorari was granted in this case for the limited purpose of considering one aspect of the opinion of the Court of Criminal Appeals, dealing with the filing of the bill of exceptions.

Judgment of conviction was entered after a nonjury trial on October 29, 1975. No motion for new trial was filed. The bill of exceptions was both filed in the office of the Criminal Court Clerk and signed by the trial judge on January 28, 1976, ninety-one days after the entry of the judgment. The ninetieth day would have been Tuesday, January 27, 1976. This being neither a Sunday nor a legal holiday, the filing did not occur within ninety days as asserted on behalf of the petitioners.

Counsel for petitioners contends that an oral motion for an extension of time was made within the first thirty days following the entry of judgment, and was granted, but that a written order to this effect was not entered until thereafter. Although this statement is not supported by affidavit of counsel, it is accepted by the State in its reply brief. In all events there does appear of record an order dated January 15, 1976 purporting to allow an additional sixty days within which to file the bill of exceptions, and the order purports to have been entered nunc pro tunc for November 26, 1975. The Court of Criminal Appeals held that this order was not supported by any factual recitations and could not be considered valid, although on its face the order states that it was "for good cause shown  . . . ." Nevertheless, sixty days from November 26, 1975 would have been January 26, 1976, and, again, the bill of exceptions was not filed with the clerk or approved by the trial judge until January 28, 1976.

The State, in its reply brief, did not question the timeliness of filing of the bill of exceptions, and seemed to concede that an

application for late filing should have been granted by the Court of Criminal Appeals, if made, pursuant to T.C.A. § 27–111. Further, it appears from the opinion of the Court of Criminal Appeals that it did in fact consider the evidence contained in the purported bill of exceptions, even though the record reflects lack of timely filing and absence of a proper application under T.C.A. § 27–111.

For this reason, we are of the opinion that petitioners have had the benefit of full appellate review as though the bill of exceptions had been properly filed. Accordingly the judgment of the Court of Criminal Appeals is affirmed at the cost of petitioners.