**Jeffrey SEARLES, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Jan. 24, 1979.

Certiorari Denied by Supreme Court March 12, 1979.

.Jerry H. Summers and Ronald J. Berke, Chattanooga, for appellant.

William P. Sizer, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, Stephen M. Bevil and Lawrence E. Young, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

WALKER, Judge.

After an evidentiary hearing, the trial judge found to be without merit all of the petitioner's claims for postconviction relief and dismissed the petition. We agree with the trial judge's conclusions of law and affirm the dismissal.

The petitioner, Jeffrey Searles, and a codefendant, James Frank Thrasher, were convicted in Hamilton County of possessing marijuana with intent to sell and each was sentenced to one to five years in the state penitentiary. On their direct appeal we affirmed the convictions in an unpublished opinion. Searles and his codefendant petitioned for certiorari and the Supreme Court granted the writ for the limited purpose of considering one aspect of our opinion, dealing with the late bill of exceptions. It affirmed the convictions, pointing out that the petitioners had had the benefit of a full

appellate review. *Thrasher and Searles v. State,* 566 S.W.2d 852 (Tenn.1978).

By his assignments of error Searles contends that his constitutional rights were violated and his conviction rendered void because the search warrant was issued on the basis of a fraudulent affidavit as to a nonexistent informant and that the prosecution suppressed exculpatory evidence when it did not reveal to the defense that the search warrant was based on a perjured and false affidavit. He relies on *State v. Little,* 560 S.W.2d 403 (Tenn.1978).

In our opinion we found that there was probable cause for a warrantless search of the airplane at Lovell Field in Chattanooga where officers found 3494 pounds of marijuana. Although the plane's door was locked, officers detected the odor of marijuana and, under all of the circumstances of the case, we found ample grounds for a warrantless search of the airplane. *See State v. Hughes,* 544 S.W.2d 99 (Tenn.1976). Since there was probable cause for a search without a warrant, we found that the validity of the search warrant was not determinative.

The appellant argues that he now has evidence produced at the evidentiary hearing which we did not have before us, particularly an affidavit which showed that the warrant was obtained by perjury. In our opinion we said: "(I)f we could consider (the affidavit) we think there are ample facts in this record, independent of the warrant and McCullough's affidavit in support thereof, to support the search." This affidavit is not material to our determination.

The question of the right to make a warrantless search was an issue in the trial court and before us on direct appeal. The appellant contends that this issue was there wrongly decided by this court. This issue has been fully litigated and previously determined. A matter previously determined is not a proper subject for postconviction relief. TCA 40–3811—40–3812. This court and the Supreme Court have repeatedly stated the fundamental rule that postconviction proceedings may not be employed to raise and relitigate or review questions de-

cided and disposed of in a direct appeal from a conviction. *Gant v. State,* 507 S.W.2d 133 (Tenn.Cr.App.1973); *Forrest v. State,* 535 S.W.2d 166 (Tenn.Cr.App.1976); *Helton v. State,* 530 S.W.2d 781 (Tenn.Cr.App.1975).

 The assignment that the prosecution suppressed evidence of an invalid affidavit must also fail. Since the conviction did not depend on the validity of the search warrant, this was not material on the question of the appellant's guilt or innocence. Evidence allegedly suppressed must be material to require a reversal. *See Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

Affirmed.

DUNCAN and DAUGHTREY, JJ., concur.