IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**RICKY EUGENE COFER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Anderson County**
**No. A2CR0217    James B. Scott, Jr., Judge**

**No. E2003-01400-CCA-R3-PC - Filed August 24, 2004**

The petitioner, Ricky Eugene Cofer, appeals the order of the Circuit Court for Anderson County dismissing his post-conviction relief petition. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner's claim of ineffective assistance of trial counsel was previously determined on direct appeal. The petition was properly dismissed. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., AND JAMES CURWOOD WITT, JR., J., joined.

Charles David Buckholts, Oak Ridge, Tennessee, for the appellant, Ricky Eugene Cofer.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The petitioner was convicted of aggravated robbery and was sentenced to serve fifteen years in prison. On direct appeal, the judgment of the trial court was affirmed. See State v. Ricky Eugene Cofer, No. E2000-01499-CCA-R3-CD (Tenn. Crim. App., at Knoxville, June 25, 2001), app. denied (Tenn. Oct, 29, 2001). On June 7, 2002, the pro se petitioner filed a post-conviction relief petition in which he claimed ineffective assistance of counsel and prosecutorial misconduct at trial. At the evidentiary hearing, the petitioner, through his appointed counsel, argued only his claim of ineffective assistance of counsel. Specifically, he asserted that his trial counsel should have moved to withdraw so that she could testify as a defense witness and impeach the victim's testimony. The petitioner further asserted that counsel was deficient in failing to call alibi witnesses or to allow the petitioner to testify in his own defense. On May 1, 2003, the trial court dismissed the petition, finding that there was no evidence to support the petitioner's claim of ineffective assistance of trial

counsel. The court further noted that the same issue was previously raised on direct appeal. The instant appeal followed.

A petition sets forth a colorable claim if it alleges facts showing that the conviction resulted from an abridgment of a constitutional right and demonstrates that the ground for relief was not previously determined or waived. Rickman v. State, 972 S.W. 2d 687, 693 (Tenn. Crim. App. 1997). See also, Tenn. Code Ann. §40-30-204(e). Before this court, the petitioner concedes that "he raised the issue of ineffective assistance of counsel on direct appeal, that this issue was ruled on by this Court and that he again raised this issue on appeal of the denial of his petition for post-conviction relief." The petitioner states that he again asserts this claim because he had not had a full and fair hearing of the claim until the evidentiary hearing on the instant post-conviction petition. He contends, however, that the post-conviction court failed to set forth any basis for denying his specific claim that he was prejudiced by his trial counsel's failure to withdraw and testify in his defense.

A post-conviction petition may be dismissed "if the facts, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." Tenn. Code Ann. § 40-30-206(f). As the petitioner himself concedes, he raised an identical claim of ineffective assistance of counsel on direct appeal. In our opinion, this court noted that the trial court did express concern "about the admissibility of the rebuttal testimony offered by the victim, but made no suggestion that trial counsel had acted ineffectively by failing to testify." State v. Ricky Eugene Cofer, No. E2000-01499-CCA-R3-CD (Tenn. Crim. App., June 25, 2001), slip op. at __. This court concluded that "[t]rial counsel was not ineffective for failing to withdraw and offer to testify as a witness" because any testimony offered by counsel would have been restricted by hearsay rules and cumulative to the testimony of other defense witnesses. Id., slip op. at __. A matter decided on direct appeal cannot be relitigated in post-conviction relief proceedings. McBee v. State, 655 S.W. 2d 191, 196 (Tenn. Crim. App. 1983), (citing Searles v. State, 582 S.W.2d 391, 392-393 (Tenn. Crim. App.1979)). The post-conviction court correctly noted that the issue had been previously determined, but nonetheless considered the claim based on the proof presented at the evidentiary hearing and found that it was without merit . Based on the pleadings, the record before us, and the applicable law, we conclude that the trial court properly dismissed the petition.

Accordingly, the state's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE

-2-