IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville September 15, 2015

## MARIA DELALUZ URBANO-URIOSTEGUI v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2008-C-2186     Mark Fishburn, Judge**

---

**No. M2015-00349-CCA-R3-PC – Filed January 26, 2016**

---

The Petitioner, Maria Delaluz Urbano-Uriostegui, filed in the Davidson County Criminal Court a petition for post-conviction relief from her conviction of aggravated child abuse, citing multiple issues, including ineffective assistance of counsel.  The post-conviction court summarily dismissed the petition, holding that the issues raised by the Petitioner were previously determined on direct appeal.  On appeal, the Petitioner challenges the post-conviction court's ruling.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Maria Delaluz Urbano-Uriostegui, Nashville, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Glenn Funk, District Attorney General; and Sharon Reddick, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reveals that on May 28, 2010, a Davidson County Criminal Court Jury convicted the Petitioner of aggravated child abuse and that on September 16, 2010, she was sentenced as a violent offender to serve one hundred percent of a sixteen-year sentence in confinement.  The Petitioner filed a motion for new trial, raising, among other

issues, ineffective assistance of counsel. Following a hearing in which the Petitioner presented proof regarding her claim of ineffective assistance, the trial court denied the motion. The Petitioner appealed, raising the following issues:

> (1) whether the evidence was sufficient to prove that [the Petitioner] caused the victim's injuries; (2) whether the prosecutor's comments during closing arguments constituted reversible error; (3) whether the trial court erred by improperly admitting an expert in child maltreatment; (4) whether trial counsel provided ineffective assistance by failing to obtain a medical expert to testify on [the Petitioner's] behalf; and (5) whether newly discovered evidence justifie[d] a new trial.

State v. Maria Delaluz Urbano-Uriostegui, No. M2012-00235-CCA-R3-CD, 2013 WL 1896931, at *1 (Tenn. Crim. App. at Knoxville, May 6, 2013). This court concluded that the evidence was sufficient to sustain the Petitioner's conviction. Id. at *11-13. Regarding the Petitioner's ineffective assistance of counsel claims, this court noted that appellants have been repeatedly warned against raising such claims on direct appeal "because (1) it may be difficult to establish ineffective assistance without an evidentiary hearing and (2) raising the issue on direct appeal bars appellant from raising the issue in a post-conviction petition." Id. at *15. However, in the Petitioner's case, this court concluded that the first reason for caution was mitigated because "the trial court used the motion for new trial hearing as an evidentiary hearing for [the Petitioner's] claim of ineffective assistance." Id. Even though the Petitioner was allowed to introduce witnesses and evidence at the hearing, she failed to prove that counsel was ineffective. Id. at *15-17. Accordingly, this court affirmed the judgment of the trial court. Id.

Thereafter, the Petitioner filed a pro se petition for post-conviction relief. The petition was not included in the record for our review. Nevertheless, from the post-conviction court's order on June 16, 2014, we glean that the Petitioner claimed:

> (1) that she was targeted by the police when there was sufficient evidence to investigate other individuals who might have caused the injuries to the child; (2) that the Court erroneously declared witnesses from Vanderbilt as experts; (3) newly discovered evidence on shaken baby syndrome; (4) sufficiency of the evidence that support[s] her conviction; [and] (5) ineffective assistance of counsel.

The post-conviction court held that the Petitioner's issues (2) through (5) were adjudicated on direct appeal. The court further found that issues (1) and (4) were challenges to the sufficiency of the evidence and were not cognizable in a post-conviction proceeding. Regarding the Petitioner's claim of ineffective assistance of counsel, the post-conviction court found that the claim had been raised and addressed on direct appeal and could not be relitigated in a post-conviction proceeding. Thus, the post-conviction court summarily dismissed her petition.

The Petitioner did not appeal the dismissal of her post-conviction petition. Instead, on October 10, 2014, the Petitioner "refiled" her post-conviction petition, claiming that "she was not raising issues that had been previously litigated." The Petitioner again complained that her trial counsel was ineffective for failing to obtain the testimony of a mental health expert to challenge the State's theory that the victim's injuries were the result of nonaccidental trauma inflicted while the victim was in the Petitioner's care and that the evidence was insufficient to sustain her conviction. On January 16, 2015, the post-conviction court again summarily dismissed the petition, repeating its finding that the Petitioner had failed to raise any new claims. On appeal, the Petitioner challenges the post-conviction court's summary denials of her petitions, arguing that counsel should have been appointed and an evidentiary hearing held.

## II. Analysis

Initially, we note that the Petitioner did not appeal the post-conviction court's denial of the first petition for post-conviction relief; instead, she chose to file another petition. Moreover, the Petitioner failed to include the initial post-conviction petition in the record on appeal. The Petitioner carries the burden of ensuring that the record on appeal conveys a fair, accurate, and complete account of what has transpired with respect to those issues that are the bases of appeal. Tenn. R. App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997).

Further, Tennessee Code Annotated section 40-30-106(f) provides that if the facts alleged in the post-conviction petition, "taken as true, . . . fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." Tennessee Code Annotated section 40-30-106(h) provides:

> A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

See Cauthern v. State, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004).

As the post-conviction court found, the Petitioner raised issues regarding the sufficiency of the evidence and the ineffective assistance of counsel on direct appeal. See Urbano-Uriostegui, No. M2012-00235-CCA-R3-CD, 2013 WL 1896931, at *1, 11-13, 15-17. In this court's opinion on direct appeal, we noted that the Petitioner was afforded a full and fair hearing and was allowed to present evidence regarding her issues. Id. "A matter decided on direct appeal cannot be relitigated in post-conviction relief proceedings." McBee v. State, 655 S.W.2d 191, 196 (Tenn. Crim. App. 1983) (citing Searles v. State, 582 S.W.2d 391, 392-393 (Tenn. Crim. App. 1979)). Moreover, ineffective assistance of counsel generally constitutes a single ground for relief that a petitioner may not seek to relitigate simply by providing additional factual allegations. Thompson, 958 S.W.2d at 161; Cone v. State, 927 S.W.2d 579, 582 (Tenn. Crim. App. 1995). Accordingly, we conclude that the post-conviction court did not err by summarily dismissing the petition.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE