FILED

03/17/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 18, 2017 at Knoxville

## TEHREN WILSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-13-82          Kyle C. Atkins, Judge[1]**

---

### No. W2016-00770-CCA-R3-PC

---

The Petitioner, Tehren Wilson, appeals as of right from the denial of his petition for post-conviction relief. On appeal, the Petitioner contends that he received ineffective assistance of counsel based on trial counsel's failure to file a written request for a jury charge on fraudulent use of a credit card as a lesser-included offense of identity theft. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Tehren Wilson.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; James G. Woodall, District Attorney General; and Benjamin C. Mayo, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

The Petitioner was indicted for burglary of a vehicle, theft of property valued at $500 or less, and identity theft. State v. Tehren Carthel Wilson, No. W2010-02613-

---

[1] Judge Nathan B. Pride conducted the post-conviction hearing but never entered an order. Judge Atkins adopted the findings of the post-conviction hearing and entered an order.

CCA-R3-CD, 2012 WL 12931582 (Tenn. Crim. App. May 11, 2012), perm. app. denied (Tenn. Sept. 20, 2012). At the beginning of his trial, the Petitioner requested that the court instruct the jury that a lesser-included offense of identity theft was fraudulent use of a credit card; however, the court found that fraudulent use of a credit card was not a lesser-included offense of identity theft and refused to give the jury instruction. Id. at *4. Following the jury trial, the Petitioner was acquitted of the burglary of a vehicle charge, but he was convicted of the theft of property valued at $500 or less and identity theft. Id. at *2. The trial court imposed an effective sentence of twelve-years, eleven-months, and twenty-nine days to be served in the Tennessee Department of Correction. Id. at *1.

On direct appeal, the Petitioner challenged the sufficiency of the evidence supporting his convictions and the failure of the trial court to instruct the jury on fraudulent use of a credit card as a lesser-included offense of identity theft. Wilson, at *1. In its opinion affirming the Petitioner's conviction, this court summarized the facts of this case as follows:

> At the beginning of trial, prior to the selection of the jury, the trial court discussed preliminary matters with the attorneys, including proposed jury instructions. The court noted that there was a question as to whether fraudulent use of credit card was a lesser-included offense of identity theft. The State argued that it was not a lesser-included offense, and the [Petitioner] took the opposite position and asked the court to give the charge. The court ultimately decided that it would not charge fraudulent use of a credit card as a lesser-included offense of identity theft. The [Petitioner] raised the issue in his motion for a new trial, which was denied by the trial court. The trial court found that the [Petitioner] waived the issue for failing to file a written request for the instruction and, alternatively, that fraudulent use of a credit card is not a lesser-included offense of identity theft.

Id. at *4.

This court then reviewed the Petitioner's assertion that fraudulent use of a credit card was a lesser-included offense of identity theft under the test in State v. Burns, 6 S.W.3d 453 (Tenn. 1999). This court explained that under the test articulated in Burns, an offense is lesser-included if:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

-2-

(1) a different mental state indicating a lesser kind of culpability; and/or

(2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

(1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part

(a) or (b); or

(2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part

(a) or (b); or

(3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part

(a) or (b).

Wilson, at *5 (citing Burns, 6 S.W.3d at 466-67).

In concluding that fraudulent use of a credit card was not a lesser-included offense of identity theft, this court reasoned as follows:

It is apparent that fraudulent use of a credit card does not constitute facilitation of, attempt to commit, or solicitation of identity theft. Thus, fraudulent use of a credit card is not a lesser-included offense under part (c) of the Burns test. In addition, both statutes require a mental state of knowing and it appears that there is no less serious harm or risk of harm to the same person, property, or public interest proscribed by the fraudulent use of a credit card statute. Therefore, fraudulent use of a credit card is not a lesser-included offense under parts (b)(1) or (b)(2) of the Burns test. The question is, thus, under part (a) of the Burns test, whether all of the statutory elements of fraudulent use of a credit card are included within the statutory elements of identity theft.

In order to convict a defendant of fraudulent use of a credit card, the State must show that a defendant used or allowed the use of a credit card or debit card. Although the "personal identifying information" element of identity theft may include the use of a credit card or debit card, it is not a requirement. Thus, one can commit the offense of identity theft without necessarily committing the offense of fraudulent use of a credit card. Moreover, one can commit the offense of fraudulent use of a credit card without committing the offense of identity theft. For example, the cardholder could use, with fraudulent intent, his or her cancelled or expired

credit card to obtain something of value and thereby commit fraudulent use of a credit card, but that same action would not constitute identity theft. Therefore, fraudulent use of a credit card is not a lesser-included offense under part (a) of the Burns test. See State v. Ronald Bowman, No. W2003-02389-CCA-R3-CD, 2005 WL 94365, at *4-5 (Tenn. Crim. App. Jan. 13, 2005), perm. app. denied (Tenn. May 23, 2005) (determining that fraudulent use of a driver's license is not a lesser-included offense of identity theft because one could commit the offense of identity theft without committing the offense of fraudulent use of a driver's license).

Wilson, at *5.

This court also held that the evidence was sufficient to support the Petitioner's convictions for theft of property and identity theft.

The Petitioner timely filed a pro se petition for post-conviction relief. Upon appointment of counsel, the Petitioner filed an amended petition. The post-conviction court held an evidentiary hearing on March 10, 2014.

The Petitioner testified that his trial counsel should have made a written request for the jury to be instructed that fraudulent use of a credit card was a lesser-included offense of identity theft. He testified that by not making this request in writing, the Petitioner's trial counsel waived his right to having that lesser-included offense submitted to the jury. He further averred that, on direct appeal, this court did not hold that fraudulent use of a credit card was not a lesser-included offense of identity theft. Rather, he claimed that this court held that "by [trial counsel] not doing it in writing, [the Petitioner was] not entitled to relief." Thus, the Petitioner concluded that his trial counsel was ineffective for not submitting the request in writing, despite the fact that trial counsel orally requested the court to instruct the jury regarding fraudulent use of a credit card. He claimed that if he had known his attorney should have made the request in writing, he would have insisted that his counsel do so.

The post-conviction court orally denied the petition, finding that trial counsel's failure to "file a written request with the [t]rial [c]ourt" "would not be grounds for granting his [p]ost [c]onviction relief[,]" noting that trial counsel did make an oral request for fraudulent use of a credit card. An order to that effect was subsequently entered, and the Petitioner filed a timely notice of appeal.

ANALYSIS

On appeal, the Petitioner argues that he did not receive effective assistance of counsel at his trial. Specifically, he argues that his trial counsel was ineffective for

failing to submit a written jury instruction request to the trial court regarding fraudulent use of a credit card as a lesser-included offense of identity theft. The State responds that the Petitioner did receive effective assistance of counsel because fraudulent use of a credit card is not a lesser-included offense of identity theft.

## *I. Standard of Review*

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

## *II. Ineffective Assistance of Counsel*

Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. Hellard v. State, 629 S.W. 2d 4, 9 (Tenn. 1982).

The Petitioner's trial counsel did not submit a written request to the trial court regarding the jury instruction, although he did make an oral request. Despite trial counsel's failure to make the written request, both the trial court and this court considered the issue. In its ruling, the trial court determined that the issue was waived, or in the alternative, that fraudulent use of a credit card was not a lesser-included offense of identity theft. On direct appeal, this court considered the Petitioner's claim regarding the jury instruction request under plain error and held that fraudulent use of a credit card was not a lesser-included offense of identity theft. Though trial counsel should have filed a written request, the Petitioner cannot establish that he was prejudiced by this failure because fraudulent use of a credit card is not a lesser-included offense of identity theft.

Furthermore, it "is well-established that post-conviction proceedings may not be employed to re[-]litigate issues previously determined on direct appeal." Corey Adams v. State, No. M2008-00112-CCA-R3-PC, 2009 WL 454008, at *12 (Tenn. Crim. App. Feb. 24, 2009) (citing Miller v. State, 54 S.W.3d 743, 747-48 (Tenn. 2001) (stating that issue raised and resolved in the petitioner's direct appeal cannot be revisited in post-conviction proceeding); Searles v. State, 582 S.W.2d 391, 392-93 (Tenn. Crim. App. 1979)). The Petitioner's claim has already been determined on direct appeal and may not be re-litigated in a post-conviction proceeding. Thus, he is not entitled to relief on this issue.

## CONCLUSION

Based upon consideration of the foregoing and the record as a whole, the post-conviction court's denial of the petition for post-conviction relief is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE